# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW JERSEY
# TRENTON DIVISION

ADRAIN RONDELL WASHINGTON
  Plaintiff,

vs.

DUTY REJIG INC, et. al.,
  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**AMENDED COMPLAINT
BILL IN EQUITY**

2025 JAN 15 P 12:09

U.S. ... COURT
DISTRICT OF NEW JERSEY

---

## AMENDED COMPLAINT
## BILL IN EQUITY

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is hereby granted by Adrain Rondell Washington authorized representative for ADRAIN RONDELL WASHINGTON by way of sufficiency of pleadings (see Affidavits in Support of AMENDED COMPLAINT BILL IN EQUITY).

2. The venue of this court is correct as ADRAIN RONDELL WASHINGTON does business in the STATE OF NEW JERSEY and Adrain Rondell Washington is diverse from the UNITED STATES, doing business in the UNITED STATES, and the amount in controversy exceeds Seventy-five thousand ($75,000.00) dollars.

## PARTIES

3. ADRAIN RONDELL WASHINGTON has been domiciled in the STATE OF NEW JERSEY for over one year.

4. THE INTERNAL REVENUE SERVICES demonstrates a residency in the jurisdiction of the UNITED STATES as does business in STATE OF NEW JERSEY.

## FACTS

5. Plaintiff have exhausted Administrative Remedy and come to this court of equity with Clean Hands and in Good Faith. (see exhibits A, B, C, D, E, and F) – Certificates of Non-Response, Notices of Acceptance, Notices of Default and Opportunity to Cure.

6. Plaintiff's have established "judgement in estoppel" against Defendant as evidenced by attached Certificates of Non-response, certified by Jonathan Joseph, a notary public for the state of New Jersey, County of Middlesex.

7. Plaintiff's administrative remedy is *res judicata*.

8. Failure of Defendant to respond in this matter is *stare decisis*.

9. Plaintiff's administrative remedy is ripe for judicial review and there are no facts in controversy.

## LEGAL CLAIMS

10. Plaintiff is entitled to relief in this equitable claim.

11. Defendants are estopped for failure to respond to original administrative process.

12. Plaintiff has placed the facts and law before this honorable court.

## RELIEF SOUGHT

13. Plaintiff requests judicial review of his administrative process and remedy.

14. Plaintiff requests this court to find the facts and execute on the law of the contract before this Court.

15. Plaintiff requests summary judgment on their administrative remedy.

16.  Plaintiff requests the court to order Defendants to each pay the sum certain $1,000,000.00

17.  Plaintiff requests the court to release the Order of the Court to ADRAIN RONDELL WASHINGTON.

Respectfully submitted by order of ADRAIN WASHINGTON

Adrain Rondell Washington, Authorized Representative
of ADRAIN RONDELL WASHINGTON

STATE OF NEW JERSEY          )
                             ) ss.
COUNTY OF MIDDLESEX          )

On this 14th day of January 2025, I, Jonathan Joseph, a notary public for the county and state noted above, did upon proper identification by Adrain Rondell Washington and receive their oath Affirmed and subscribed, and did witness their signatures on the foregoing.

JONATHAN JOSEPH
Commission # 50206081
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

STATE OF NEW JERSEY  } ss.
County of Middlesex

I, NANCY J PINKIN , Clerk of the County of Middlesex, do hereby certify that
JONATHAN JOSEPH
whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th day of JANUARY 2025

CK-4

Nancy J Pinkin                CLERK.

State of ____New Jersey_____
County of _____Middlesex_____

On this _13th__ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document <u>Certificate of Non-Response</u>, presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.

_____          [SEAL]

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

My Commission expires:_____

JONATHAN JOSEPH
Commission # 50206081 Stamp:
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

**STATE OF NEW JERSEY** } **SS.**
**County of Middlesex** }

I, **NANCY J PINKIN** , Clerk of the County of Middlesex, do hereby certify that

**JONATHAN JOSEPH**

whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th day of JANUARY      2025

*Nancy J Pinkin*

CLERK.

CK-4

1

## CERTIFICATE OF NON-RESPONSE

**Re: Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

I, Jonathan Joseph, am the notary who verified Darrin J. Russo's dishonor of Adrain Washington's CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE. Pursuant to New Jersey state law regarding evidence of dishonor 12A:3-505 and UCC 12A:1-202. I certify the following:

On December 20th, 2024, the record shows I mailed Adrain Washington's CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE with attachments dated December 20th, 2024, to John Darrin J. Russo for the Somerset County Sheriff's Office , 20 Grove Street, Somerville New Jersey 08876 by Certified mail package # **7020 0640 0001 9125 2610  RRR**, as verified by Affidavit of Mailing.  On December 31st , 2024 the record shows I mailed a NOTICE OF DEFAULT (OPPORTUNITY TO CURE) to John Darrin J. Russo for the Somerset County Sheriff's Office, 20 Grove Street, Somerville New Jersey 08876 by Certified mail package # **9589 0710 5270 0763 0355 44 RRR**, as verified by Certificate of Service.

After acceptance of both mailings John Darrin J. Russo for the Somerset County Sheriff's Office refused to respond on a point-by-point basis, via a sworn affidavit, neither did he send the confirmation that the aforementioned obligation and all other accounts related to FERRIS ROD HOLDING TRUST have been adjusted, settled and closed nor a notice of dishonor from a qualified third party excusing his refusal, in the ten (10) days following the second mailing.

Therefore, based on the foregoing facts, I certify that mailings John Darrin J. Russo for the Somerset County Sheriff's Office, dishonored Adrain Washington through his non-response, and did thereby agree with all the facts stated by Adrain Washington in his "CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE" and have an inability to prove a claim, thereby indicating that John David Rainey for WALMART agrees with all the facts in the CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE: Thereby agreeing that during all the times mentioned herein Darrin J. Russo was and still is, the duly elected qualified and acting Sheriff of the County of Somerset, State of New Jersey having given bond and qualified as such. Thereby agreeing that that Darrin J. Russo, Sheriff of Somerset County New Jersey did take an oath solemnly swearing or affirming to support the Constitution of New Jersey the Constitution of the United States and perform the duties of his office as sheriff, faithfully, impartially and justly to the best of his ability. Thereby agreeing that notice of bonds as witnessed by notary certificate of service and USPS Certified Mail # 70212720000167326305 RRR and USPS Certified Mail # 70200640000191252696 was provided to Darrin J. Russo, Sheriff of Somerset County New Jersey, regarding the satisfaction of all obligations relating to any outstanding debts including any mortgages concerning the aforementioned property and case. Thereby agreeing that a void judgment cannot be validated and made operative by judicial action and validity is determined as of the date of its rendition and, if void then, it does remain so forever; it cannot be validated and made operative by the lapse of time, subsequent proceedings based on the judgment, afterward supplying the elements which were lacking its validity or by resulting equities in favor of third persons. Thereby agreeing that the aforementioned court case had been successfully and timely removed to Federal District Court November 10, 2022 and never remanded back to the state court. Thereby agreeing that Darrin J. Russo, Sheriff of Somerset County New Jersey did have notice that Ferris Rod Holding Trust claimed title to the aforementioned property, as evidenced on the Official Public Record on November 29, 2023 Book 7535 / Page 1428 in the Somerset County Clerk's Office and did levy a void writ of execution on the property of Ferris Rod Holding Trust in violation of Ferris Rod Holding Trust's rights, unlawfully levied and did unlawfully sell the said property under said executions. Thereby agreeing that Darrin J. Russo, Sheriff of Somerset County New Jersey agrees that said writ was not executed according to law and was void.  Thereby agreeing that Darrin J. Russo, Sheriff of Somerset County New Jersey was noticed via the Official Public Record of a formal acceptance of the deed extinguishing and/or merging all lesser deeds and/or claims  into the Deed including any and all Lis Pendens that may have existed on the record and believes no such evidence exists. Thereby agreeing that Darrin J. Russo, Sheriff of Somerset County New Jersey did sell the aforementioned property without regard to said assignment and Ferris Rod Holding Trust's rights there under, and was not indemnified against any and all loss that might ensue, from said unlawful levy and sale and that after said sale sheriff did received proceeds thereof to his own use and benefit. Thereby agreeing that before the said sale Darrin J. Russo, Sheriff of Somerset County New Jersey sheriff was noticed not to sell the property so levied upon, and was notified of Ferris Rod Holding Trust's title thereto as evidenced in the Official Public Record. Further SHERIFF did not provide proper lawful and legal notice of said sale prior to sale and notices thereafter. SHERIFF cannot  show DUTY REJIG INC was a good faith purchaser for value and did not know that the Somerset County Sheriff Darrin J. Russo did have void or voidable title due to the court that issued judgment lacked subject matter jurisdiction in the aforementioned case rendering the judgment void and the sale was in violation of ownership rights or security interest of a third person or entity. Thereby agreeing that SHERIFF did not operate in good faith, honesty in fact and observance of reasonable commercial standards of fair dealing in the trade. Thereby agreeing that the Somerset County Sheriff Darrin J. Russo did effect the sale as a thief, under wrongful process and did not perform the faithful duties of his office including having proper title to the aforementioned property.  Please provide all proofs as verified evidentiary-grade documentation. Thereby agreeing that the Superior Court of Somerset County Chancery Division did not have jurisdiction over the removed matter and did issue void judgment in the aforementioned case.  Thereby agreeing that DUTY REJIG INC was not a good faith purchaser for FULL value and did not promptly issue value via cash, certified or cashier's check to the Sheriff of Somerset County upon successful bidding within 30 days of alleged sale of the aforementioned property and did wait over 150 days to issue total value. Thereby agreeing that SHERIFF can confirm that House Joint Resolution –192 (HJR-192) and Public Law 73-10 did suspend the gold standard in regard to the payment of all debts and substitute in its place, discharge of an obligation. Thereby agreeing that SHERIFF did know that the aforementioned property was not owned by the Somerset County Sheriff Darrin J. Russo and that its title did not pass the title of the true owner Ferris Rod Holding Trust which is noticed in the Official Public Record. Thereby agreeing that the Somerset County Sheriff Darrin J. Russo did not hold the sale of the aforementioned property open to the public, and did limit the sale to one entity, depriving the public of an equitable and fair opportunity to bid and purchase the aforementioned property. Thereby agreeing that Ferris Rod Holding Trust does have valid title and did obtain title through good and proper consideration before the sale of the property by the Somerset County Sheriff. Thereby agreeing that SHERIFF did and is not exerting wrongful dominion over Ferris Rod Holding Trust's property, in denial of its right and is attempting conversion via an unauthorized assumption and exercise of the right of ownership over personal property belonging to Ferris Rod Holding Trust, to the alteration of their condition or the exclusion of Ferris Rod Holding Trust's rights. Thereby agreeing that SHERIFF is wrongfully depriving Ferris Rod Holding Trust of its right to title. S Thereby agreeing that SHERIFF is committing positive and tortious acts by having claimed title to the aforementioned property. Thereby agreeing that SHERIFF did have intention to commit conversion in its actions to claim title of the aforementioned property including depriving the owner of its property. Thereby agreeing that SHERIFF did not act in good faith and ignorance in claiming the aforementioned property and excluding or denying the rights of Ferris Rod Holding Trust. Thereby agreeing that SHERIFF did take the property by mistake, threat, duress or coercion. Thereby agreeing that SHERIFF did wrongfully convert the muniments of title to the aforementioned property. Thereby agreeing that SHERIFF did issue a void bill of sale constituting conversion obtained at an invalid public sale of the aforementioned property; SHERIFF agrees to voluntarily replevy and return of the aforementioned property to its rightful owner Ferris Rod Holding Trust with free and clear title, who can take immediate possession without notice and discharge any claim existing under a void title or otherwise including Instrument number 2024033707, Book 7594/Page 668 in the Somerset County Clerk's Office.

Further, John Darrin J. Russo for the Somerset County Sheriff's Office agreed that his refusal to send the written confirmation of the settlement of  the aforementioned **SHERIFF** obligation and all other accounts related to FERRIS ROD HOLDING TRUST or a notice of dishonor from a qualified third party, in no way negates the fact that said obligation(s) is(are) settled and closed and that he and the agency he represents have no capacity to pursue collection on said obligation(s), and that further pursuit of collection is agreement that  John Darrin J. Russo for the Somerset County Sheriff's Office, collectively and severally owe ADRAIN RONDELL WASHINGTON© $1,000,000.00 for expenses of handling John David Rainey's presentment and that ADRAIN RONDELL WASHINGTON© may take all necessary steps to secure its claim to the debt owed to it and to collect.

Dated: January 10th, 2025 A.D.                                   Seal

Notary Public (stamp):
Jonathan Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, New Jersey 08812

JONATHAN  JOSEPH
Commission # 50206081
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

State of ____New Jersey_____
County of _____Middlesex_____

On this _13th__ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document Certificate of Non-Response, presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.

_____                                    [SEAL]

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

My Commission expires:_____

```
JONATHAN  JOSEPH
Commission # 50206083tamp
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028
```

**STATE OF NEW JERSEY**
**County of Middlesex** } ss.

I, **NANCY J PINKIN** , Clerk of the County of Middlesex, do hereby certify that

JONATHAN JOSEPH

whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th  day of JANUARY       2025

Nancy J Pinkin                                              CLERK.

CK-4

## CERTIFICATE OF NON-RESPONSE

**Re: Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

I, Jonathan Joseph, am the notary who verified Richard V Massano Jr.'s dishonor of Adrain Washington's CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE. Pursuant to New Jersey state law regarding evidence of dishonor 12A:3-505 and UCC 12A:1-202. I certify the following:

On December 20th, 2024, the record shows I mailed Adrain Washington's CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE with attachments dated December 20th, 2024, to Richard V Massano Jr. for DUTY REJIG INC., 9 Winchester Dr., Califon, New Jersey 07830 by Certified mail package # 9589 0710 5270 1498 8848 88 RRR, as verified by Affidavit of Mailing. On January 17th, 2025 the record shows I mailed a NOTICE OF DEFAULT (OPPORTUNITY TO CURE) to Richard V Massano Jr. for DUTY REJIG INC., 702 Southwest 8th St, Bentonville, Arkansas 72716 by Certified mail package # 9589 0710 5270 1498 0763 0355 37 RRR, as verified by Certificate of Service.

After acceptance of both mailings Richard V Massano Jr. for DUTY REJIG INC. refused to respond on a point-by-point basis, via a sworn affidavit, neither did he send the confirmation that the aforementioned obligation and all other accounts related to ADRAIN WASHINGTON© have been adjusted, settled and closed nor a notice of dishonor from a qualified third party excusing his refusal, in the ten (10) days following the second mailing.

Therefore, based on the foregoing <u>facts</u>, I certify that mailings Richard V Massano Jr. for DUTY REJIG INC., dishonored Adrain Washington through his non-response, and did thereby agree with all the facts stated by Adrain Washington in his "CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE" and have an inability to prove a claim, thereby indicating that Richard V Massano Jr. for DUTY REJIG INC. agrees with all the facts in the CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE:

Thereby agreeing that DUTY REJIG can't show it was a good faith purchaser for value and did know that the Somerset County Sheriff Darrin J. Russo did have void or voidable title due to the court that issued judgment lacked subject matter jurisdiction in the aforementioned case rendering the judgment void and the sale was in violation of ownership rights or security interest of a third person or entity. Thereby agreeing DUTY REJIG did not operated in good faith, honesty-in-fact and observance of reasonable commercial standards of fair dealing in the trade and if the Sheriff's title and deed was and is void title or voidable title and deed cannot qualify as a good-faith purchaser. Thereby agreeing that the Somerset County Sheriff Darrin J. Russo did effect the sale as a thief, under wrongful process and did not have proper title to the aforementioned property. That notice was given to Darrin J. Russo, Sheriff of Somerset County New Jersey, regarding the satisfaction of all obligations relating to any outstanding debts including any mortgages concerning the aforementioned property. Thereby agreeing that DUTY REJIG was not a good faith purchaser for value and did not promptly issue value via cash, certified or cashier's check to the Sheriff of Somerset County upon successful bidding within 30 days of alleged sale of the aforementioned property and did wait over 150 days to issue total value. DUTY REJIG can confirm that House Joint Resolution – 192 (HJR-192) and Public Law 73-10 did not suspend the gold standard in regard to the payment of all debts and substitute in its place, discharge of an obligation. Thereby agreeing that DUTY REJIG did know that the aforementioned property was not owned by the Somerset County Sheriff Darrin J. Russo and that its title did not pass the title of the true owner Ferris Rod Holding Trust which is noticed in the Official Public Record. Thereby agreeing that the Somerset County Sheriff Darrin J. Russo did not hold the sale of the aforementioned property open to the public, and did limit the sale to one entity, depriving the public of an equitable and fair opportunity to bid and purchase the aforementioned property. Thereby agreeing that Ferris Rod Holding Trust does have valid title, did obtain title through good and proper consideration before the sale of the property by the Somerset County Sheriff. Thereby agreeing that DUTY REJIG is exerting wrongful dominion over Ferris Rod Holding Trust's property, in denial of its right and is attempting conversion via an unauthorized assumption and exercise of the right of ownership over personal property belonging to Ferris Rod Holding Trust, to the alteration of their condition or the exclusion of Ferris Rod Holding Trust's rights. Thereby agreeing that DUTY REJIG is wrongfully depriving Ferris Rod Holding Trust of its right to title. Thereby agreeing that DUTY REJIG is committing positive and tortious acts by claiming title to the aforementioned property. Thereby agreeing that DUTY REJIG does waive all demand as it would be necessary as it appears from the facts and circumstances of the case that a demand if made would have been futile and unavailing. Thereby agreeing that DUTY REJIG and its agent(s) are in possession or receipt of a NOTICE OF CEASE AND DESIST AND DEMAND FOR RETURN OF PROPERTY sent from a qualified public witness on behalf of the owner's agent clearly, conspicuously, unambiguously and expressly not assenting the taking use or disposition of its property and returning it to its proper owner Ferris Rod Holding Trust and has refused. Thereby agreeing that DUTY REJIG did have or currently has intention to commit conversion in its actions to claim title of the aforementioned property including depriving the owner of its property. Thereby agreeing that DUTY REJIG did not act in good faith and ignorance in claiming the aforementioned property, excluding or denying the rights of Ferris Rod Holding Trust. Thereby agreeing that DUTY REJIG did take the property through mistake, threat, duress or coercion. Thereby agreeing that DUTY REJIG did wrongfully convert the muniments of title to the aforementioned property. Thereby agreeing that DUTY REJIG does have a void bill of sale constituting conversion obtained at an invalid public sale of the aforementioned property; DUTY REJIG also agrees to voluntarily replevy and return of the aforementioned property to its rightful owner Ferris Rod Holding Trust with free and clear title, who can take immediate possession without notice and discharge any claim under a void title including Instrument number 2024033707, Book 7594/Page 668 in the Somerset County Clerk's Office. Thereby agreeing that a void judgment cannot be validated and made operative by judicial action and validity is determined as of the date of its rendition and, if void then, it does remain so forever; it cannot be validated and made operative by the lapse of time, subsequent proceedings based on the judgment, nor afterward by supplying the elements which were lacking its validity or by resulting equities in favor of third persons.

Further, Richard V Massano Jr. for the DUTY REJIG INC. agreed that his refusal to send the written confirmation of the settlement of the aforementioned DUTY REJIG INC. obligation and all other accounts related to Ferris Rod Holding Trust or a notice of dishonor from a qualified third party, in no way negates the fact that said obligation(s) is(are) settled and closed and that he and the agency he represents have no capacity to pursue collection on said obligation(s), and that further pursuit of collection is agreement that Richard V Massano Jr. for DUTY REJIG INC., collectively and severably owe ADRAIN RONDELLWASHINGTON© $1,000,000.00 for expenses of handling Richard V Massano Jr.'s presentment and that ADRAIN RONDELL WASHINGTON© may take all necessary steps to secure its claim to the debt owed to it and to collect.

Dated: January 11, 2025 A.D.                                                          Seal

Notary Public (stamp):
Jonathan Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, New Jersey 08812

JONATHAN JOSEPH
Commission # 50206081
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

State of ____New Jersey_____
County of _____Middlesex_____

On this _13th__ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document <u>Constructive Notice of Conditional Acceptance</u>, presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.

[SEAL]

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

My Commission expires:_____

JONATHAN JOSEPH
Commission # 50206081
Notary Public, State of New Jersey Stamp?
My Commission Expires
January 19, 2028

**STATE OF NEW JERSEY** } **ss.**
**County of Middlesex**

I, **NANCY J PINKIN** , Clerk of the County of Middlesex, do hereby certify that

JONATHAN JOSEPH

whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th   day of JANUARY       2025

Nancy J Pinkin                    CLERK.

CK-4

Claimant:    Adrain R. Washington

**_Serviced by and respond to:_**
c/o Jonathan Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, New Jersey 08812

USPS Certified Mail # 95890710527014988848889  RRR

Respondent:    DUTY REJIG INC.
Attn: Richard V Massano Jr. Owner/CEO
9 Winchester Dr
Califon, New Jersey 07836

**NOTICE TO PRINCIPLE IS NOTICE TO AGENT**

**NOTICE TO AGENT IS NOTICE TO PRINCIPLE**

Date: December 20, 2024

**CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE**

**Re: Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

**"EQUALITY UNDER THE LAW IS PARAMOUNT AND MANDATORY"**

This is an attempt in good faith and in a bona-fide effort, with clean hands to clarify information, remain in honor and to settle the matter(s) regarding DUTY REJIG INC. (henceforth "DUTY REJIG"). It seems that DUTY REJIG may be operating erroneously. I believe there may be a mistake.

I am conditionally accepting your contract upon proof of claim via verification that:

1. DUTY REJIG can show it was a good faith purchaser for value and did not know that the Somerset County Sheriff Darrin J. Russo did not have void or voidable title due to the court that issued judgment lacked subject matter jurisdiction in the aforementioned case rendering the judgment void and the sale was not in violation of ownership rights or security interest of a third person or entity. Please provide all proofs as verified evidentiary-grade documentation.

2. DUTY REJIG operated in good faith, honesty in fact and observance of reasonable commercial standards of fair dealing in the trade and if the Sheriff's title and deed was and is void title or voidable title and deed can and will qualify as a good-faith purchaser. Please provide all proofs as verified evidentiary-grade documentation.

3. That the Somerset County Sheriff Darrin J. Russo did not effect the sale as a thief, under wrongful process and did have proper title to the aforementioned property.

4. That notice was not given to Darrin J. Russo, Sheriff of Somerset County New Jersey, regarding the satisfaction of all obligations relating to any outstanding debts including any mortgages concerning the aforementioned property and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.

5. DUTY REJIG was a good faith purchaser for value and did promptly issue value via cash, certified or cashier's check to the Sheriff of Somerset County upon successful bidding within 30 days of alleged sale of the aforementioned property and did not wait over 150 days to issue total value. Please provide all proofs as verified evidentiary-grade documentation.

6. DUTY REJIG can confirm that House Joint Resolution – 192 (HJR-192) and Public Law 73-10 did not suspend the gold standard in regard to the payment of all debts and substitute in its place, discharge of an obligation.

7. DUTY REJIG did not know that the aforementioned property was not owned by the Somerset County Sheriff Darrin J. Russo and that its title did not pass the title of the true owner Ferris Rod Holding Trust which is noticed in the Official Public Record. Please provide all proofs as verified evidentiary-grade documentation.

8. That the Somerset County Sheriff Darrin J. Russo did hold the sale of the aforementioned property open to the public, and did not limit the sale to any one entity, depriving the public of an equitable and fair opportunity to bid and purchase the aforementioned property. Please provide all proofs as evidentiary-grade documentation.

9. That Ferris Rod Holding Trust does not have valid title, did not obtain title through good and proper consideration before the sale of the property by the Somerset County Sheriff and believes no such evidence exists. Please provide all proofs as verified evidentiary-grade documentation.

10. DUTY REJIG is not exerting wrongful dominion over Ferris Rod Holding Trust's property, in denial of its right and is not attempting conversion via an unauthorized assumption and exercise of the right of ownership over personal property belonging to Ferris Rod Holding Trust, to the alteration of their condition or the exclusion of Ferris Rod Holding Trust's rights and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.

11. DUTY REJIG is not wrongfully depriving Ferris Rod Holding Trust of its right to title. Please provide all proofs as evidentiary-grade documentation.

12. DUTY REJIG is not committing positive and tortious acts by claiming title to the aforementioned property. Please provide all proofs as evidentiary-grade documentation.

13. DUTY REJIG does not waive all demand as it would be necessary as it appears from the facts and circumstances of the case that a demand if made would not have been futile and unavailing. Please provide all proofs as verified evidentiary-grade documentation.

14. DUTY REJIG nor its agent(s) are not in possession or receipt of a NOTICE OF CEASE AND DESIST AND DEMAND FOR RETURN OF PROPERTY sent from a qualified public witness on behalf of the owner's agent clearly, conspicuously, unambiguously and expressly assenting the taking use or disposition of its property and returning it to its proper owner Ferris Rod Holding Trust and has not refused and believes no such evidence exists. Please provided all proofs a verified evidentiary documentation.

CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE                    Page **1** of **3**

15. DUTY REJIG did not have or currently no intention to commit conversion in its actions to claim title of the aforementioned property including depriving the owner of its property and believes no such evidence exists. Please provide all proofs a verified evidentiary documentation.

16. DUTY REJIG did act in good faith and ignorance in claiming the aforementioned property and excluding or denying the rights of Ferris Rod Holding Trust. Please provide all proofs a verified evidentiary documentation.

17. DUTY REJIG did not take the property by through mistake, threat, duress or coercion. Please provide all proofs a verified evidentiary documentation.

18. DUTY REJIG did not wrongfully convert the muniments of title to the aforementioned property.

19. DUTY REJIG does not have a void bill of sale constituting conversion obtained at an invalid public sale of the aforementioned property. If so, DUTY REJIG agrees to voluntarily replevy and return of the aforementioned property to its rightful owner Ferris Rod Holding Trust with free and clear title, who can take immediate possession without notice and discharge any claim under a void title including Instrument number 2024033707, Book 7594/Page 668 in the Somerset County Clerk's Office.

20. That a void judgment can be validated and made operative by judicial action and validity is not determined as of the date of its rendition and, if void then, it does not remain so forever; it can be validated and made operative by the lapse of time, subsequent proceedings based on the judgment, but afterward supplying the elements which were lacking its validity or by resulting equities in favor of third persons. Please provide all proof as verified evidentiary-grade documentation.

*Definition(s):*

*Conversion: Any distinct act which is an unauthorized and wrongful assumption and exercise of control, dominion, or ownership.*

*Void: something has no legal force or binding effect, and is unable to support its intended purpose. In the context of a title, a void title is always void, and the rightful owner can prevail against anyone who acquires the goods, even if the current owner is a good faith purchaser. Black's Law Dictionary 9th edition*

*Verification: n. (16c) 1. A formal declaration made in the presence of an authorized officer, such as a notary public, or (in some jurisdictions) under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document. page 1698 Black's Law Dictionary 9th edition*

Mr. Richard V Massano Jr, you have thirty (10) days from receipt of this Constructive Notice of Conditional Acceptance to respond on a point-by-point basis, via a sworn affidavit, under your full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are insufficient as a response. If an extension is needed to properly answer, please request it in writing.

Failure to respond will be deemed agreement with the facts stated in the attached Affidavit and an inability to prove your claim, thereby indicating that the claims made by DUTY REJIG are erroneous and are not based in fact. Further discrimination, negligence, fraud, and tort efforts to collect confirm your agreement that you and your agencies collectively and severably owe ADRAIN RONDELL WASHINGTON©, $1,000,000.00 and that ADRAIN RONDELL WASHINGTON© may take all necessary steps to secure its claim to the debt owed to it and collect.

I have included a Commercial Affidavit of Verification of Debt, requesting that you verify the debt, responding point-by-point or send a notice of dishonor from a qualified third party.

Your refusal to send the requested **verification** or notice of dishonor will in no way negate this settlement, and will be your agreement that you and your agency have no capacity to pursue collection. Thank you for your immediate attention to this matter.

This letter constitutes constructive notice to the recipient.

I await your response.

**SILENCE IS ACQUIESCENSE**

All Rights Reserved, Without Prejudice, Without Recourse, Non-Assumpsit

By: _____
　　　　Adrain Washington, Attorney-in-Fact

Attachments:

- **NOTICE OF CEASE AND DESIST AND DEMAND FOR RETURN OF PROPERTY** one(1)page
- **NOTARY AFFIDAVIT OF MAILING**

State of ____New Jersey_____
County of _____Middlesex_____

On this _13th_ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document <u>Constructive Notice of Conditional Acceptance</u>, presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.



_____

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

[SEAL]

My Commission expires:_____

> JONATHAN JOSEPH
> Commission # 50206081 Stamp:
> Notary Public, State of New Jersey
> My Commission Expires
> January 19, 2028

**STATE OF NEW JERSEY** } **ss.**
**County of Middlesex**

I, NANCY J. PINKIN, Clerk of the County of Middlesex, do hereby certify that
JONATHAN JOSEPH
whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a
NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such
NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such
NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th day of JANUARY 20 25

Nancy J Pinkin                                          CLERK.

CK-4

Claimant: Adrian R. Washington

*Serviced by and respond to:*
c/o Jonathan Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, New Jersey 08812

USPS Certified Mail # 70200640000191252610  RRR

Respondent:     SOMERSET COUNTY SHERIFF
Attn: Darrin J. Russo, Sheriff
20 Grove Street
Somerville, New Jersey 08876

**NOTICE TO PRINCIPLE IS NOTICE TO AGENT**

**NOTICE TO AGENT IS NOTICE TO PRINCIPLE**

Date: December 20, 2024

**CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE**

**Re: Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

**"EQUALITY UNDER THE LAW IS PARAMOUNT AND MANDATORY"**

This is an attempt in good faith and in a bona-fide effort, with clean hands to clarify information, remain in honor and to settle the matter(s) regarding Darrin J. Russo, Sheriff of Somerset County New Jersey (henceforth "SHERIFF") It seems that SHERIFF may be operating erroneously.  I believe there may be a mistake.

I am conditionally accepting your contract upon proof of claim via verification that:

1. During all the times mentioned herein Darrin J. Russo was and still is, the duly elected qualified and acting Sheriff of the County of Somerset, State of New Jersey having given bond and qualified as such.
2. That Darrin J. Russo, Sheriff of Somerset County New Jersey did not take an oath solemnly swearing or affirming to support the Constitution of New Jersey the Constitution of the United States and perform the duties of his office as sheriff, faithfully, impartially and justly to the best of his ability.
3. That notice of bonds as witnessed by notary certificate of service and USPS Certified Mail # 70212720000167326305 RRR and USPS Certified Mail # 70200640000191252696 was not provided to Darrin J. Russo, Sheriff of Somerset County New Jersey, regarding the satisfaction of all obligations relating to any outstanding debts including any mortgages concerning the aforementioned property and case and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.
4. That a void judgment can be validated and made operative by judicial action and validity is not determined as of the date of its rendition and, if void then, it does not remain so forever; it can be validated and made operative by the lapse of time, subsequent proceedings based on the judgment, but afterward supplying the elements which were lacking its validity or by resulting equities in favor of third persons. Please provide all proof as verified evidentiary-grade documentation.
5. That the aforementioned court case had not been successfully and timely removed to Federal District Court November 10, 2022 and never remanded back to the state court.
6. That Darrin J. Russo, Sheriff of Somerset County New Jersey did not have notice that Ferris Rod Holding Trust claimed title to the aforementioned property, as evidenced on the Official Public Record on November 29, 2023 Book 7535 / Page 1428 in the Somerset County Clerk's Office and did not levy a void writ of execution on the property of Ferris Rod Holding Trust in violation of Ferris Rod Holding Trust's rights, unlawfully levied and did not unlawfully sell the said property under said executions.
7. Darrin J. Russo, Sheriff of Somerset County New Jersey agrees that said writ was executed according to law and was not void. Please provide all proofs as evidentiary-grade documentation.
8. That Darrin J. Russo, Sheriff of Somerset County New Jersey was not noticed via the Official Public Record of a formal acceptance of the deed extinguishing and/or merging all lesser deeds and/or claims into the Deed including any and all Lis Pendens that may have existed on the record and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.
9. That Darrin J. Russo, Sheriff of Somerset County New Jersey did not sell the aforementioned property without regard to said assignment and Ferris Rod Holding Trust's rights thereunder, and was indemnified against any and all loss that might ensue, from said unlawful levy and sale and that after said sale sheriff did not received proceeds thereof to his own use and benefit.
10. That before the said sale Darrin J. Russo, Sheriff of Somerset County New Jersey sheriff was not noticed not to sell the property so levied upon, and was not notified of Ferris Rod Holding Trust's title thereto as evidenced in the Official Public Record. Further SHERIFF did provide proper lawful and legal notice of said sale prior to sale and notices thereafter Please provide all proofs as evidentiary-grade documentation.
11. SHERIFF can show DUTY REJIG INC was a good faith purchaser for value and did know that the Somerset County Sheriff Darrin J. Russo did not have void or voidable title due to the court that issued judgment lacked subject matter jurisdiction in the aforementioned case rendering the judgment void and the sale was not in violation of ownership rights or security interest of a third person or entity. Please provide all proofs as verified evidentiary-grade documentation.

CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE                                                                  Page **1** of 4

12. SHERIFF operated in good faith, honesty in fact and observance of reasonable commercial standards of fair dealing in the trade and if the Sheriff's title was void or voidable title he can and will qualify DUTY REJIG INC as a good-faith purchaser. Please provide all proofs as verified evidentiary-grade documentation.

13. That the Somerset County Sheriff Darrin J. Russo did not effect the sale as a thief, under wrongful process and did perform the faithful duties of his office including having proper title to the aforementioned property. Please provide all proofs as verified evidentiary-grade documentation.

14. That the Superior Court of Somerset County Chancery Division had jurisdiction over the removed matter and did not issue void judgment in the aforementioned case and believes no such evidence exists. Please provide all proofs as verified evidentiary-grade documentation.

15. That notice as witnessed by notary certificate of service and USPS Certified Mail # 70212720000167326305 RRR and USPS Certified Mail # 70200640000191252696 was not provided to Darrin J. Russo, Sheriff of Somerset County New Jersey, regarding the satisfaction of all obligations relating to any outstanding debts including any mortgages concerning the aforementioned property and case and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.

16. DUTY REJIG INC was a good faith purchaser for FULL value and did promptly issue value via cash, certified or cashier's check to the Sheriff of Somerset County upon successful bidding within 30 days of alleged sale of the aforementioned property and did not wait over 150 days to issue total value. Please provide all proofs as verified evidentiary-grade documentation.

17. SHERIFF can confirm that House Joint Resolution –192 (HJR-192) and Public Law 73-10 did not suspend the gold standard in regard to the payment of all debts and substitute in its place, discharge of an obligation.

18. SHERIFF did not know that the aforementioned property was not owned by the Somerset County Sheriff Darrin J. Russo and that its title did not pass the title of the true owner Ferris Rod Holding Trust which is noticed in the Official Public Record. Please provide all proofs as verified evidentiary-grade documentation.

19. That the Somerset County Sheriff Darrin J. Russo did hold the sale of the aforementioned property open to the public, and did not limit the sale to any one entity, depriving the public of an equitable and fair opportunity to bid and purchase the aforementioned property. Please provide all proofs as evidentiary-grade documentation.

20. That Ferris Rod Holding Trust does not have valid title and did not obtain title through good and proper consideration before the sale of the property by the Somerset County Sheriff and believes no such evidence exists. Please provide all proofs as verified evidentiary-grade documentation.

21. SHERIFF did not and is not exerting wrongful dominion over Ferris Rod Holding Trust's property, in denial of its right and is not attempting conversion via an unauthorized assumption and exercise of the right of ownership over personal property belonging to Ferris Rod Holding Trust, to the alteration of their condition or the exclusion of Ferris Rod Holding Trust's rights and believes no such evidence exists. Please provide all proofs as evidentiary-grade documentation.

22. SHERIFF is not wrongfully depriving Ferris Rod Holding Trust of its right to title. Please provide all proofs as evidentiary-grade documentation.

23. SHERIFF is not committing positive and tortious acts by having claimed title to the aforementioned property. Please provide all proofs as evidentiary-grade documentation.

24. SHERIFF did not have intention to commit conversion in its actions to claim title of the aforementioned property including depriving the owner of its property and believes no such evidence exists. Please provide all proofs a verified evidentiary documentation.

25. SHERIFF did act in good faith and ignorance in claiming the aforementioned property and excluding or denying the rights of Ferris Rod Holding Trust. Please provide all proofs a verified evidentiary documentation.

26. SHERIFF did not take the property by mistake, threat, duress or coercion. Please provide all proofs a verified evidentiary documentation.

27. SHERIFF did not wrongfully convert the muniments of title to the aforementioned property.

28. SHERIFF did not issue a void bill of sale constituting conversion obtained at an invalid public sale of the aforementioned property. If so, SHERIFF agrees to voluntarily replevy and return of the aforementioned property to its rightful owner Ferris Rod Holding Trust with free and clear title, who can take immediate possession without notice and discharge any claim existing under a void title or otherwise including Instrument number 2024033707, Book 7594/Page 668 in the Somerset County Clerk's Office.

*Definition(s):*

*Void: something has no legal force or binding effect, and is unable to support its intended purpose. In the context of a title, a void title is always void, and the rightful owner can prevail against anyone who acquires the goods, even if the current owner is a good faith purchaser.*

*Conversion: Any distinct act which is an unauthorized and wrongful assumption and exercise of control, dominion, or ownership*

*Verification: n. (16c) 1. A formal declaration made in the presence of an authorized officer, such as a notary public, or (in some jurisdictions) under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document. page 1698 Black's Law Dictionary 9th edition*

Mr. Darrin J. Russo you have thirty (10) days from receipt of this Constructive Notice of Conditional Acceptance to respond on a point-by-point basis, via a sworn affidavit, under your full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are insufficient as a response. If an extension is needed to properly answer, please request it in writing.

Failure to respond will be deemed agreement with the facts stated in the attached Affidavit and an inability to prove your claim, thereby indicating that the claims made by Darrin J. Russo and the entities you represent are erroneous and are not based in fact. Further discrimination, negligence, fraud, and tort efforts to collect confirm your agreement that you and your agencies collectively and severably owe ADRAIN RONDELL WASHINGTON©, $1,000,000.00 and that ADRAIN RONDELL WASHINGTON© may take all necessary steps to secure its claim to the debt owed to it and collect. I have included a Commercial Affidavit of Verification of Debt, requesting that you verify the debt, responding point-by-point or send a notice of dishonor from a qualified third party.

Your refusal to send the requested **verification** or notice of dishonor will in no way negate this settlement, and will be your agreement that you and your agency have no capacity to pursue collection. Thank you for your immediate attention to this matter. This letter constitutes constructive notice to the recipient.

I await your response.

**SILENCE IS ACQUIESCENSE**

All Rights Reserved, Without Prejudice, Without Recourse, Non-Assumpsit

By: _____

Adrain Washington, Attorney-in-Fact

State of _____New Jersey_____
County of _____Middlesex_____

On this _13th__ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document Notice of Default (Opportunity to Cure), presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.

[SEAL]

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

My Commission expires:_____

JONATHAN JOSEPH
Commission # 50266081
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

---

**STATE OF NEW JERSEY**
**County of Middlesex** } ss.

I, **NANCY J. PINKIN**, Clerk of the County of Middlesex, do hereby certify that
**JONATHAN JOSEPH**
whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th day of JANUARY    20 25

Nancy J Pinkin                    CLERK.

CK-4

1

## NOTICE OF DEFAULT
## (OPPORTUNITY TO CURE)

Notice date:         **December 31, 2024**                    Certified Mail #: **95890710527007603035544RRR**

Claimant(s):         **Adrain  Washington**
                     *Service by and respond to:*
                     **c/o Jonathan Joseph, Notary Public**
                     **191 North Avenue, Unit 267**
                     **Dunellen, New Jersey 08812**

Respondent(s):       SOMERSET COUNTY SHERIFF
                     Attn: Darrin J. Russo, Sheriff
                     20 Grove Street
                     Somerville, New Jersey 08876

Reference:  **Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

I am writing you in regard to a **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE**. My records indicate that you received the aforementioned Notice regarding but not limited to adjustment, settlement and closure of this alleged obligation on December 20, 2024 as verified by my U.S. Postal form 3811 sent via Certified mail # **7020 0640 0001 9125 2610** Return Receipt Requested.  I have received nothing in your correspondence which indicates that my tender has been dishonored subsequent to an attempt to presentment.

      In the event your dishonor through nonperformance and nonresponse was unintentional or due to **reasonable neglect** or **impossibility** I'm attaching a copy of the same presentments to this **NOTICE OF DEFAULT AND OPPORTUNITY TO CURE**. Please send confirmation that the account has been adjusted and settled or NOTICE OF DISHONOR from a **qualified third party** to allow me an opportunity to cure any defects.

      If you have an excuse for not performing as requested, please mail your particular statement to me at the address above. Your specific performance is expected no later than ten (10) days from the date of this letter postmarked.

      Thank you for giving the matter your immediate time and attention.  Failure to cure the breach will result in a presumption that all statements in my initial correspondence have been adopted and agreed to by your organization.

IN WITNESS WHEREOF I hereunto set my hand and seal on this 31st day of December, 2024 and hereby certify all the statements made above are true, correct and complete.

Date: 12/31/2024 _____   Claimant: ___*ucc 1-308, without recourse*_____ (Seal)
                                     Adrain Washington, Attorney-in Fact

State of New Jersey    )
                       ) ss:
County of Middlesex    )

Subscribed and affirmed before me on this 31st day of December, 2024, by Adrain Washington, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Jonathan Joseph*                                                    *UCC 1-308*
Notary Name                                                          Signature

| | |
|---|---|
| My Commission Expires: | JONATHAN JOSEPH<br>Commission # 50206081<br>Notary Public, State of New Jersey<br>My Commission Expires<br>January 19, 2028 |

(seal)

Attachment(s):  Copy of Commercial Affidavit (one page)
                    Copy of Constructive Notice of Condition Acceptance (three pages)
                    Copy of Notary Affidavit of Mailing (one page)

State of ____New Jersey_____
County of _____Middlesex_____

On this _13th__ day of ___January_____, 20_25__, I certify that the preceding or attached document is a true, exact, complete, and unaltered photocopy made by me from the original document Notice of Default (Opportunity to Cure), presented to me by the document's custodian, Adrain Washington and that, to the best of my knowledge, the photocopied document is neither a public record nor a publicly recorded document, certified copies of which are available from an official source other than a notary public.

[SEAL]

Johnathn Joseph, Notary Public
191 North Avenue, Unit 267
Dunellen, NJ 08812

My Commission expires:_____

JONATHAN JOSEPH
Commission # 50205081p:
Notary Public, State of New Jersey
My Commission Expires
January 19, 2028

**STATE OF NEW JERSEY** } ss.
**County of Middlesex**

I, **NANCY J. PINKIN**, Clerk of the County of Middlesex, do hereby certify that

JONATHAN JOSEPH

whose name is subscribed to the annexed certificate or proof of acknowledgment of the annexed instrument was at the time of taking the same a

NOTARY PUBLIC OF NEW JERSEY
acting in and for said county, duly commissioned and sworn, and qualified to act as such; that as such

NOTARY PUBLIC OF NEW JERSEY
he was duly authorized by the laws of the State of New Jersey to take and certify depositions; to administer oaths and affirmations; to take affidavits and certify the acknowledgment and proof of deeds and other written instruments for lands, tenements and hereditaments to be read in evidence or recorded in this state; and further, that I am well acquainted with the handwriting of such

NOTARY PUBLIC OF NEW JERSEY
and verify that the signature to such proof or acknowledgment is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the County of Middlesex, this 14th day of JANUARY 20 25

Nancy J. Pinkin                    CLERK.

CK-4

1

# NOTICE OF DEFAULT
## (OPPORTUNITY TO CURE)

Notice date:        **December 31, 2024**                         **Certified Mail #: 95890710527007630355537RRR**

Claimant(s):        **Adrain Washington**
*Service by and respond to:*
**c/o Jonathan Joseph, Notary Public**
**191 North Avenue, Unit 267**
**Dunellen, New Jersey 08812**

Respondent(s):      DUTY REJIG INC.
Attn: Richard V Massano Jr.
9 Winchester Dr.
Califon, New Jersey 07830

Reference: **Sheriff Sale of property known as 127 Sycamore Avenue, North Plainfield, New Jersey relating to Somerset County court case F-010354-22 and all related accounts.**

I am writing you in regard to a **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE**. My records indicate that you received the aforementioned Notice regarding but not limited to adjustment, settlement and closure of this alleged obligation on December 20, 2024 as verified by my U.S. Postal form 3811 sent via Certified mail # **9589 0710 5270 1498 8848 89** Return Receipt Requested. I have received nothing in your correspondence which indicates that my tender has been dishonored subsequent to an attempt to presentment.

In the event your dishonor through nonperformance and nonresponse was unintentional or due to **reasonable neglect** or **impossibility** I'm attaching a copy of the same presentments to this **NOTICE OF DEFAULT AND OPPORTUNITY TO CURE**. Please send confirmation that the account has been adjusted and settled or NOTICE OF DISHONOR from a **qualified third party** to allow me an opportunity to cure any defects.

If you have an excuse for not performing as requested, please mail your particular statement to me at the address above. Your specific performance is expected no later than ten (10) days from the date of this letter postmarked.

Thank you for giving the matter your immediate time and attention. Failure to cure the breach will result in a presumption that all statements in my initial correspondence have been adopted and agreed to by your organization.

IN WITNESS WHEREOF I hereunto set my hand and seal on this 31st day of December, 2024 and hereby certify all the statements made above are true, correct and complete.

Date: *12/31/2024* _____ Claimant: _*ucc 1-308, without Recourse*_____ (Seal)
                                     Adrain Washington, Attorney-in Fact

State of New Jersey    )
                   ) ss:
County of Middlesex  )

Subscribed and affirmed before me on this 31st day of December, 2024, by Adrain Washington, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Jonathan Joseph*
Notary Name

My Commission Expires:_____

| JONATHAN JOSEPH |
| --- |
| Commission # 50206081 |
| Notary Public, State of New Jersey |
| My Commission Expires |
| January 19, 2028 |

Signature

(seal)

Attachment(s):  Copy of Commercial Affidavit (one page)
               Copy of Constructive Notice of Condition Acceptance (two pages)
               Copy of Notary Affidavit of Mailing (one page)
               Copy of NOTICE OF CEASE AND DESIST AND DEMAND FOR RETURN OF PROPERTY one(1)page